**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 19-3495

———————

LENWOOD HAMILTON,
a/k/a HARD ROCK or SKIP HAMILTON,
Appellant

v.

LESTER SPEIGHT,
a/k/a RASTA THE URBAN WARRIOR,
a/k/a AUGUSTUS "COLE TRAIN" COLE;
EPIC GAMES, INC.;
MICROSOFT, INC., a/k/a Microsoft Corp;
MICROSOFT STUDIOS; THE COALITION

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-17-cv-00169)
District Judge: Hon. Anita B. Brody

———————

Submitted under Third Circuit L.A.R. 34.1(a)
September 10, 2020

Before: CHAGARES, HARDIMAN, and MATEY, *Circuit Judges*.

(Opinion filed: September 17, 2020)

———————

OPINION*

———————

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Lenwood Hamilton argues that defendants unlawfully used his likeness in a video game. The District Court held that the First Amendment barred Hamilton's claims. We agree and so will affirm.

## I. BACKGROUND

Hamilton is a former professional athlete, entertainer, and motivational speaker. Following a brief football career, he created Soul City Wrestling, a "family-friendly" organization where he performed as "Hard Rock Hamilton." (App. at 417.) Hamilton hoped to spread a "message to kids about drug awareness, and the importance of getting an education." (App. at 417–18.) His work attracted positive attention from Philadelphia media and elected officials.

*Gears of War* is a video game series in which members of the Delta Squad—including Augustus "Cole Train" Cole—battle "a race of exotic reptilian humanoids" known as the Locust Horde on the planet Sera. (Opening Br. at 5.) A few years ago, Hamilton saw the game for the first time. "Looking at the Augustus Cole character," he felt, "[wa]s like looking in a mirror." (App. at 418.) So he sued.

Hamilton's complaint alleged that defendants[1] used his likeness in violation of his right of publicity.[2] Defendants argued that their work enjoyed the protections of the First

---

[1] Defendants are: Epic Games, Inc., the game's creator; Microsoft, Inc., Microsoft Studios, and The Coalition, the game's publishers and distributors; and Lester Speight, the voice actor for Augustus Cole.

[2] Hamilton brought Pennsylvania-law claims for unauthorized use of name or likeness under 42 Pa. Cons. Stat. § 8316; unjust enrichment; misappropriation of publicity;

2

Amendment. The District Court agreed and granted their motion for summary judgment. This appeal followed.[3]

## II. DISCUSSION

The right of publicity protects individuals "from the misappropriation of their identities." *Hart v. Elec. Arts, Inc.*, 717 F.3d 141, 150 (3d Cir. 2013); *see, e.g.*, 42 Pa. C.S. § 8316(a). But the First Amendment protects the freedom of speech, including the content of video games. *Hart*, 717 F.3d at 148–49. To "strike a balance between [these] competing interests" in right-of-publicity cases, *id.* at 149, we ask "whether the [plaintiff's] likeness is one of the 'raw materials' from which [the defendant's] work is synthesized, or whether the depiction or imitation of the [plaintiff] is the very sum and substance of the work in question." *Id.* at 160 (quoting *Comedy III Prods., Inc. v. Gary Saderup, Inc.*, 21 P.3d 797, 809 (Ca. 2001)). "[I]n other words," this "transformative use test" asks "whether the product containing [the plaintiff's] likeness is so transformed that it has become primarily the defendant's own expression[.]" *Id.* (quoting *Comedy III*, 21 P.3d at 809). If it has, the defendant's First Amendment rights prevail.

---

and invasion of privacy by misappropriation of identity. He also brought, then withdrew, a Lanham Act claim.

[3] The District Court had jurisdiction under 28 U.S.C. § 1332; we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of summary judgment, viewing the evidence in the light most favorable to, and drawing all reasonable inferences in favor of, Hamilton. *Hart v. Elec. Arts, Inc.*, 717 F.3d 141, 147 (3d Cir. 2013).

Here, no reasonable jury[4] could conclude that Hamilton—whether Lenwood or Hard Rock—is the "sum and substance" of the Augustus Cole character. There are no doubt similarities. Hamilton and Cole have similar skin colors, facial features, hairstyles, builds, and voices. Hamilton played football for the Philadelphia Eagles; Cole once played "thrashball"—a "fictionalized sport that loosely imitates American football" (Opening Br. at 5)—for a team with that same name. And *Gears of War* players can dress Cole in a "Superstar Cole" outfit that resembles Hard Rock Hamilton's signature costume.

But other significant differences reveal that Hamilton was, at most, one of the "raw materials from which [Augustus Cole] was synthesized." *Hart*, 717 F.3d at 160. In *Gears of War*, Cole fights a fantastic breed of creatures in a fictional world. Hamilton, of course, does not. *Cf. Kirby v. Sega of Am., Inc.*, 50 Cal. Rptr. 3d 607, 616 (Cal. Ct. App. 2006) (transformative use where musician depicted in video game "as a space-age reporter in the 25th century"). Nor has Hamilton served in the military. *Cf. Hart*, 717 F.3d at 166 (no transformative use where game depicted "digital [football player] do[ing] what the actual [football player] did while at Rutgers: . . . play[ing] college football, in digital recreations of college football stadiums, filled with all the trappings of a college football game"); *No Doubt v. Activision Publ'g, Inc.*, 122 Cal. Rptr. 3d 397, 411 (Cal. Ct. App. 2011) (no transformative use where game featured "exact depictions of [band's] members doing

---

[4] Transformative use is an affirmative defense, so the defendants must show that "no trier of fact could reasonably conclude that the [game] was not transformative." *Hilton v. Hallmark Cards*, 599 F.3d 894, 910 (9th Cir. 2010). Though seemingly a high burden, the defense "restricts right of publicity claims to a very narrow universe of expressive works." *Hart*, 717 F.3d at 163.

exactly what they do as celebrities"—i.e., singing and playing music). And Hamilton himself admits that the Cole character's persona is alien to him. (App. at 581 ("This guy . . . is ignorant, he's boisterous and he shoots people, he cusses people out, *that's not me. . . . [a]nd it's totally against what I believe in.* . . . He stands for totally the opposite of what I was trying to do[.]").) *Cf. Winter v. DC Comics*, 69 P.3d 473, 476, 479 (Cal. 2003) (alleged depiction of musicians Johnny and Edgar Winter as "Johnny and Edgar Autumn" in comic book protected by the First Amendment; though the Autumns shared physical attributes and style of dress with the Winters, the Autumns were "depicted as villainous half-worm, half-human offspring born from the rape of their mother by a supernatural worm creature that had escaped from a hole in the ground"—i.e., were "but cartoon characters . . . in a larger story, which is itself quite expressive").[5]

---

[5] Hamilton argues that the transformative-use test does not apply to commercial speech and that the First Amendment, therefore, does not protect defendants' use of the Cole character in *Gears of War* "advertising and marketing materials." (Opening Br. at 39.) But the only mention of this argument in the District Court was in Hamilton's sur-reply brief, where a single, passing assertion that defendants' promotional materials "do[] not receive the same level of First Amendment protection that the games themselves may enjoy" was supported by a single, unexplained citation. That cannot preserve the issue, and we consider the argument forfeited. *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993) ("[C]asual mention of an issue in a brief is cursory treatment insufficient to preserve the issue on appeal."); *id.* at 182 n.3 ("[W]here an issue is raised for the first time in a reply brief, we deem it insufficiently preserved for review before this court.").

Relying on copyright law principles, Hamilton also argues that the transformative-use test does not apply when the work at issue "[is] not a commentary on the person whose likeness [is] used[.]" (Opening Br. at 25.) He is incorrect. *See Winter*, 69 P.3d at 479 ("*Comedy III* did not adopt copyright law wholesale. . . . What matters is whether the work is transformative, not whether it is parody or satire or caricature or serious social commentary *or any other specific form of expression*." (emphasis added)).

## III. CONCLUSION

If Hamilton was the inspiration for Cole, the likeness has been "so transformed that it has become primarily the defendant's own expression." The First Amendment therefore bars Hamilton's claims, and we will affirm the District Court's grant of summary judgment.